1

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MISSOURI

## EASTERN DIVISION

5

6

**Shannon Gibson**

**Plaintiff,**

**V.**

St Louis County Executive Sam Page

St. Louis County Police Chief Lt. Colonel Gregory
Rob Brannan DSN 4398
Roger Holmes DSN 4496

 Emir Hadzic DSN 4547

 Wilson DSN 3488

16

**ST. LOUIS COUNTY,**

**a political subdivision of the State of Missouri.**

**Defendants,**

20

**Plaintiff sues each and all defendants in both their**

**individual and official capacities.**

23 _____/

24

25

26 **<u>COMPLAINT AND DEMAND</u>**

27 **<u>FOR TRIAL BY JURY</u>**

28

29

30 **NOW COMES Plaintiff, Shannon Gibson,**

31 **complaining of Defendants, and respectfully alleges as follows:**

32

33 **<u>JURISDICTION AND VENUE</u>**

34

35 **This is a civil rights action in which the Plaintiff seeks relief for the**
36 **violation of his rights secured by 42 U.S.C. § 1983 and the First,**
37 **Second, Fourth, Fifth, and Fourteenth Amendments.**

38 **Jurisdiction of this Court is found upon 28 U.S.C. § 1331.**

39 **The events that give rise to this lawsuit took place in St. Louis**
40 **County, a political subdivision of the State of Missouri.**

41 **Venue is appropriate in the Eastern District of Missouri pursuant to**
42 **28 U.S.C § 1391(b) since the Defendants were employees of St. Louis**
43 **County and the acts providing the legal basis for this complaint**
44 **occurred in St. Louis County, a political subdivision of the State of**
45 **Missouri.**

## PARTIES

Plaintiff, Shannon Gibson ("Plaintiff" or "Mr. Gibson"), is a a resident of the City of St. Louis, County of St. Louis City, State of Missouri.

Defendant, St Louis County Executive Sam Page was employed by St. Louis County, is responsible for the employees of St Louis County has a duty, swore an oath to protect the rights of the people, breached that duty, as a result Mr. Gibson was damaged

Defendant, St Louis county police chief lieutenant Colonel Gregory is employed by St. Louis County is responsible for his officers has a duty swore an oath to protect the rights of the people

 Defendant, Rob Brannan was the detective, was employed by St. Louis County. Acting under the color of Federal law.

Defendant, ROGER HOLMES DSN- 4496, ("Holmes") was

employed by St. Louis County as a police officer in the St. Louis

County Police Department and was acting under the color of state

law.

Defendant, EMIR HADZIC DSN-4547, ("Hadzic") is employed by

St. Louis County as police officers in the St. Louis County Police

**Department and was acting under the color of state law.**

**Defendant, Wilson DSN 3488  was employed by St. Louis County and was acting under the color of state law.**

**On or about February 10, 2020, at the time of the events alleged in this Complaint, the Defendants were at all times each acting in their capacities, within the course and scope of their employment as police officers and/or agents employed by St. Louis County and under the color of law.**

_____

**Defendant, St. Louis County is a political subdivision of the State of Missouri. and at all times relevant herein, was acting under color of state law.**

## FACTUAL BACKGROUND

At approximately 11:00am, February 10, 2020. Mr. Gibson went to the Afton Post Office to mail some packages. Mr. Gibson was arrested by St. Louis County police officers Hadzic and Holmes after filming the post office interior.

10. The Post office supervisor called the police, an emergency 911 call,

because Mr. Gibson was filming,  the supervisor explains she asked Mr. Gibson stop filming in our lobby, the Post office supervisor states in **the 911 call that Mr. Gibson showed her the Federal CFR 39 CFR § 232.1** " Poster 7, gives express invitation to take photographs for news purposes specifically in the post office lobby**,** rules of conduct on Postal Property.

POSTER 7 the section on photographs which should be posted in every post office, it expressly states photographs MAY BE TAKEN in the lobbies, foyers, and corridors and "OTHER PHOTOGRAPHS"  that MAY BE TAKEN only with permission,

_____

 The 911 call dispatcher asked if Mr. Gibson **displayed any weapons, The postal supervisor states: none that she could see. The dispatcher asked if he threatened anyone, The postal supervisor states: NO but, at this point the postal supervisor gets really tongue tied and can't even get a word out of her mouth. Seems she realized she has overreacted…and says, "He won't stop, "I can't get him to stop"**

 **She can't get Mr. Gibson to stop filming, because she can't get Mr. Gibson to stop doing what her USPS Federal Regulations express that Mr. Gibson has every right to do, she called the emergency 911 number for the police.**

**Mr. Gibson went to the post office to mail some packages.**

After a brief conversation with the desk clerk, who was irate, she overheard Mr. Gibson say he heard the post office was being sold, the clerk started snapping and getting loud "Don't talk bad about the post office!" Being a citizen Journalist, for matters of public interest, Mr. Gibson began to take video footage of the inside of the customer service lobby of the post office. The manager asked him to stop filming. When

121 Mr. Gibson did not put his phone away, the manager called the police,
122 complaining that she "couldn't get him to stop filming"

123 **The postal supervisor states on video/audio when the police arrive**
124 **asked if she asked Mr. Gibson to leave, she said no, she asked him to**
125 **stop filming.**

126 At some point between the manager's call and the officer's arrival, Mr.
127 Gibson exited the lobby office door and walked over to the far corner of
128 the adjoining foyer where the federal rules governing conduct on postal
129 property were displayed.

130 Mr. Gibson was still in the foyer when Officers Hadzic and Holmes
131 walked in the door.

132 Mr. Gibson explained to the officers that he was a citizen-journalist, and
133 according to the federal regulations he was reading, he had a First
134 Amendment  protected right to take video footage on postal property.
135 Mr. Gibson Mentioned a memo from homeland Security that came out in
136 2010 AND 2018.  Hadzic says you mean citizen Journalist? He is
137 familiar with the memo.

138 _____

139 "photographs for news purposes may be taken in entrances, lobbies,

140 foyers, corridors." 39 C.F.R. § 232.1(i) (2020).

141 _____

142 The police start to interrogate Mr. Gibson who is standing quietly.

143 Hadzic introduces himself, starts the conversation: "The filming and

144 all, don't you think the employees have the right not to feel harassed?

145 Mr. Gibson; well certainly, but their feelings do not trump my rights…

146 Hadzic: so why would you do it?  Mr. Gibson: One to test them, two to
147 educate them… Mr. Gibson tried to show the USPS rules to the postal
148 supervisor she even says it in the 911 call…she was not interested in her
149 rules.

150 Mr. Gibson: This is their rules, I am sorry they are ignorant of their own
151 rules…Mr. Gibson then reads the federal regulation governing conduct
152 on postal property concerning permissive photographs and "other"
153 photographs that require permission…

154 Poster 7 is nearly word-for-word identical to the regulations in 39 CFR §
155 232.1, enacted in 1972, by the powers delegated to the Postal Service by
156 Congress in 39 USC § 401.

157

158 **(i)** ***Photographs for news, advertising, or commercial purposes.*** Except
159 as prohibited by official signs or the directions of security force
160 personnel or other authorized personnel, or a Federal court order or rule,
161 photographs for news purposes may be taken in entrances, lobbies,
162 foyers, corridors, or auditoriums when used for public meetings. Other
163 photographs may be taken only with the permission of the local
164 postmaster or installation head.

165 _____

166  Hadzic: So, you are doing it just because you think you can do it?

167 Mr. Gibson: I can do it by the law by the federal law…

168 Hadzic: **Just because it's legal doesn't…**
169 Hadzic's inference is incriminating**…(Just because it's legal is the only**
170 **reason Mr. Gibson needs.)**
171 **Hadzic states on camera Mr. Gibson has the right to do what he is**
172 **doing, it's legal.**

173 Holmes: Have you been asked to leave?

174 Hadzic just said Mr. Gibson is not breaking the law.

175 Holmes though wants to get Mr. Gibson to leave…

176 **Mr. Gibson Replied "no they haven't asked me to leave."**

177 **The postal supervisor also replied "No". "I had asked him to stop**
178 **filming" …the police have been there now 2 minutes and 47 seconds.**

179 **Holmes now try's to change the game…The postal supervisor has**
180 **just said she only wanted Mr. Gibson to stop filming…**

181 **Defendant Hadzic asked the postal supervisor if "she" was asking**
182 **him to leave right now, (a leading solicitation by Hadzic) How could**
183 **she say No? She just made an emergency 911 call for men with guns**
184 **to force Mr. Gibson to leave because he is filming.**

185

186 **The postal supervisor still has not asked Mr. Gibson to leave.**
187 **Holmes thinks is it now trespassing cause Hadzic just ask the postal**
188 **supervisor if she is asking Mr. Gibson to leave, Holmes thinks this is**
189 **how trespassing works…by speaking a magic spell!**

190 **Officer Holmes:**

191 **"You need to get out of here… It's private property."**

192 Holmes thinks The **"UNITED STATES" POST OFFICE** is private
193 property!!

194

195 Mr. Gibson: it is not 'private property'[198] that he was entitled to the
196 property, "I own this property and so do you."

197 _____

198  Cornel Law School. Legal Information Institute:

199  Private property refers to the ownership of property by private parties -

200  essentially anyone or **anything other than the government.**

201  Mr. Gibson is entitled to a public building 205 the USPS is not private

202  property, is open and owned by the public at large, there was nothing

203  "unlawful" going on, filming in public is a lawful act.

204  _____

205  40 USC § 3301(a)(5)

206  (5) Public building .— The term "public building"— (A) means a

207  building, whether for single or multitenant occupancy, and its grounds,

208  approaches, and appurtenances, which is generally suitable for use as

209  office or storage space or both by one or more federal agencies or

210  mixed-ownership Government corporations; (B) includes— (i) federal

211  office buildings; (ii) **post offices;**

212

213  Cornel Law School. Legal Information Institute:

214  Public property refers to property owned by the government (or

215  its agency ), rather than by a private individual or a company. **It belongs**

216  **to the public at large.**

217  Post offices across the United States, including those in Missouri, are

218  public property owned by the federal government they are federal

219  property and fall under federal jurisdiction.

220

221  Governed by federal laws rather than state laws. This means that

222  regulations and policies related to the operation and use of post offices

223  are determined at the federal level by the United States Postal Service

224  (USPS) and other relevant federal authorities.

225 A C.F.R. Is a certified Federal Regulation that regulates the post office
226 39 CFR Part 232 covers conduct on Postal Service property.

227
228 _____

229  Mr. Gibson asked,  "if" I don't leave, what?"

230 Mr. Gibson wanted to know if they were going to threaten him with
231 arrest, this is a violation of rights in court, the term  "Standing" or injury
232 in fact! "standing" in court means a person's legal right to bring a lawsuit
233 because they have been personally affected or injured by the issue at
234 hand, essentially demonstrating a concrete stake in the outcome of the
235 case.

236 Holmes "You go to jail." "I go to jail? For what?"

237 "Trespassing." Mr. Gibson told them that he wasn't trespassing, and that
238 he had a right to be in a public area, "Mr. Gibson: How could I be
239 trespassing in a public area ?"

240 Mr. Gibson states, you will be sued , that is a violation of my rights,
241 Holmes: which one? Mr. Gibson the first amendment, have you heard of
242 it?

243 Homes : Freedom of speech? Mr. Gibson: Freedom of the press. Holmes
244 states "Does not cover trespassing".  Holmes infers that a right can be
245 converted into trespassing.

246 _____

247

248 Officer Hadzic then asked to see Mr. Gibson's identification, and told
249 Mr. Gibson he was legally bound to do so. Mr. Gibson refused, and he
250 was arrested.

251 The arrest occurred less than 4 minutes after police arrived,

252  After Mr. Gibson stated that he could not be trespassing in a public area,
253 the following exchange occurred:  Hadzic: "Mr. Gibson, can I see your
254 ID card please?"

255 Mr. Gibson: "No sir."

256  Hadzic: "Well, guess what, in the county of St. Louis, you are

257 **required by law** to identify yourself **when a police officer asks you**
258 **to**."

259 Officer Hadzic: "Let me see your ID card."
260 Mr. Gibson: "No sir." Officer Holmes: "Ok, let's go to jail."
261

262 **Wait, Officer Homes Just said if Mr. Gibson does not leave he will be**
263 **arrested for trespassing, while still in a consensual conversation.**

264 **Mr. Gibson was free to leave, refused the unlawful demand for ID**
265 **and immediately they put cuffs on him!**
266 **Mr. Gibson had no indication he was detained not free to leave and**
267 **was under no obligation to identify.** 269

268 _____

269 In Missouri, there isn't a law that requires you to present identification
270 simply because an officer is investigating. Missouri isn't a "stop and
271 identify" state, which means you're generally not obligated to provide
272 your ID to law enforcement just because they ask for it during an
273 investigative encounter.

**No Statutory Obligation to ID**: Unlike some states, Missouri doesn't have a statute compelling individuals to disclose their identity during a police investigation. Unless you're operating a motor vehicle or involved in activities that legally require identification (like hunting or carrying a concealed weapon), you're not mandated to present ID.

**Fourth Amendment Protections**: The U.S. Constitution's Fourth Amendment protects against unreasonable searches and seizures. Unless an officer has reasonable suspicion that you've committed, are committing, or are about to commit a crime, they can't detain you just for refusing to provide ID.

The Supreme Court's decision in **Hiibel v. Sixth Judicial District Court of Nevada** (2004) upheld the constitutionality of "stop and identify" statutes, but since Missouri hasn't enacted one, that ruling doesn't impose additional obligations on Missouri residents.

**Terry Stops and Reasonable Suspicion**: During a **Terry stop** (a brief detention based on reasonable suspicion), officers can ask for identification, but in Missouri, you're not legally required to comply.

Missouri law states that "the members of the police force… shall also have the power to stop any person abroad whenever there is reasonable ground to suspect that he is committing… a crime and demand of him his name, address, business abroad and whither he is going."

However, one need look no further than the chapter heading to discover that 84.710 only applies within Kansas City limits. The Missouri Appellate Court has already held that "[84.710] embrace[s] no authority to arrest or stop persons outside territorial jurisdiction of the city, and therefore, must be interpreted as excluding such authority."

Once a municipal officer is outside the territorial jurisdiction of the city, the municipal officer becomes a private citizen and cannot enforce that law.

_ **Miller v. U.S., 230 F 2d 486, 489. "There can be no sanction or penalty imposed upon one because of this exercise of Constitutional rights."-**

**Sherar v. Cullen, 481 F.**

These police officers are in violation of Title 18 U.S. Code 241 and 242 and Title 42 U.S. Code 1983 - Conspiracy to deprive and Deprivation of a U.S. Citizen of their Civil and Constitutional Rights without due process of law by police officers under color of law.

"The claim and exercise of a Constitutional Right cannot be converted into a crime"... "a denial of them would be a denial of due process of law."

((Wright v. Georgia), (1963)), ((Simmons v. United States), (1968)), ((Palmer v. Euclid), (1971)), ((Sherar v. Cullen), ((1973))

A U.S. Citizen cannot be lawfully detained without reasonable articulable suspicion or probable cause suspected of a crime. ((Terry v. Ohio), (1968)).

A police officer cannot demand legal identification from a U.S. Citizen without reasonable articulable suspicion or probable cause suspected of a crime. ((Brown v. Texas), (1979)), ((Kolender v. Lawson), (1983))

According to the Supreme Court of the United States ruling in ((Terry v. Ohio), (1968)), to legally detain a person, an officer is required to have specific articulable facts which, taken together with rational inferences from those facts, reasonably warrants a man of reasonable caution in the

328  belief that the person has committed, is committing, or is about to
329  commit a crime.

330   "To detain appellant and require him to identify himself violated the
331  Fourth Amendment because the officers lacked any reasonable suspicion

332  to believe that appellant was engaged or had engaged in criminal
333  conduct."

334  - United States Supreme Court. ((Brown v. Texas), (1979)), ((Kolender
335  v. Lawson), (1983))

336  *United States v. McLemore*, 887 F.3d 861, 867 (8th Cir. 2018) ("The
337  argument that the officers made a reasonable mistake of Iowa law is
338  without merit… the Iowa Court of Appeals decision in *Carmody* is
339  directly contrary authority.").

340

341  _____

342  The officers then grabbed Mr. Gibson's arms and handcuffed him.
343  Plaintiff was handcuffed by Defendants Holmes**,** Hadzic, forcibly seized,
344  was not free to leave and was therefore detained.

345  Holmes, Hadzic, hurt plaintiff, (SEEN ON CAMERA) twisting his arm,
346  Plaintiff states "you don't have to twist me hard like that" Mr. Gibson is
347  not resisting.
348  Hadzic states "no one is hurting you, (While they are hurting him) this is
349  all on camera we're good"
350  **Because there is no law applicable, to a person whom has not**
351  **committed a crime, in St. Louis County that requires Mr. Gibson to**
352  **identify himself, and because both the statute itself and the**

**appellate court's construction of it leaves no room for a different**

**interpretation, Defendants Holmes, Hadzic's mistake of law was not**

**objectively reasonable.**

**The police did not have probable cause to arrest Mr. Gibson for**

**refusing to show his identification because the only "stop and**

**identify" law applies to Kansas City Missouri, and the officer's**

**mistake of law was not objectively reasonable.**

The Fourth Amendment tolerates only reasonable mistakes, and

those mistakes, whether of fact or of law, must be objectively

reasonable.

The mistake of law inquiry is not as forgiving as a qualified

immunity determination, and an officer can gain no Fourth Amendment

advantage through sloppy study of the laws that he is duty bound to

enforce.

A mistake of law is not reasonable when there is authority directly to the

Contrary.

**Mr. Gibson stated he is not being lawfully arrested, he never**

**committed a crime, it is not a crime to film.**

**This is where law was violated during this encounter, the**

criminals **were the police, this is an assault, excessive force,**

374 **discrimination, false imprisonment and profiling, kidnapping**
375 **definition 8 Mr. Gibson was discriminated against as he was the only**
376 **person arrested in the post office, for being in the post office.**

377 Defendant Hadzic stated that a constitutionally protected act can be

378 converted into Trespassing and the initiation of an investigation warrants
379 ID surrender… Hadzic on his own body worn camera is admitting his
380 incompetence of the law or is lying.
381
382   Both are St. Louis County police policy violations.

383 Mr. Gibson stated: I haven't been suspected of a crime…

384 Hadzic Stated: right, I understand but when we're investigating. I

385 get that, yes but you notice how things kind of flipped when it became,

386 when the lady told you, you got to leave (which she never said to Mr.
387 Gibson, it is all on camera) that turned into trespassing (It could not turn
388 into trespassing, it is a public building owned by and large by the public,
389 the incompetent officers were trying to enforce private property trespass
390 law, which is not applicable) Hadzic: right now we're trying to
391 investigate... Mr. Gibson: "I wasn't refusing leaving"  Hadzic no, no, I
392 got you, but we "need" to investigate that stuff, (investigate after
393 arresting Mr. Gibson?) **and figure out the crime really exists** because
394 you know we can start an investigation based on a hearsay, right, all
395 right so **in the process of that investigation you are required by local**
396 **law to identify yourself to us** (Hadzic once again is either incompetent
397 or lying,)

398 **if you did, all this stuff would have been avoided**. (Hadzic admits

399 the arrest was a result of a request to identify. An unlawful request to

400    identify!)

401    Hadzic proves his incompetence or his lies, incriminating himself
402    further, on his own body worn camera.

403

404    It is a fact the officers did no investigation in the less than 4 minute
405    interaction, they have a duty to investigate on February 10, 2020.
406    Despite the fact that Mr. Gibson was not under arrest, was not
407    reasonably suspected of committing a crime, and presented no threat to
408    the officers, the officers decided to forcibly remove Mr. Gibson from the
409    post office.

410

411    **It is a fact**

412

413    April 22nd 2020 Detective Brannan called Mr. Gibson, Mr. Gibson has
414    the recorded call obtained by discovery request, Brannan stated he was
415    seeking a federal warrant, that the police charged him with trespassing,
416    which is profoundly not the case…there was no trespassing charge,
417    claims trespassing was the "reason why we were there" which is also
418    false, also claims Mr. Gibson would be charged with felon in possession
419    of a firearm, this again is a false statement, Brannan states he is
420    representing the federal Government and also states that ignorance of the
421    law does not make exempt from the law…, this phone call makes it
422    perfectly clear Brannan did no investigation whatsoever as he knows no
423    details about the event, that Mr. Gibson was not even charged with
424    trespassing, makes several false statements.

425    Detective Rob Brannan has a sworn duty to protect the rights of Mr.
426    Gibson, Detective Rob Brannan breached that duty and is liable for the
427    damages caused by his gross negligence.

428  That morning, Mr. Gibson went to the post office to mail some
429  packages. He was arrested by St. Louis County police officers after
430  filming the post office interior.

431   In a search incident to his unlawful arrest, the police find a pistol in his
432  pocket, and Mr. Gibson was charged with one count of being a felon in
433  possession of ammunition.

434  This charge was dismissed. [429]
435  _____

436  Mapp v. Ohio established that the exclusionary rule applies to evidence
437  gained from an unreasonable search or seizure in violation of the Fourth
438  Amendment.
439

440  The 2nd amendment makes it clear it is a protected right :THE RIGHT to
441  defend yourself cannot be infringed.
442

443  May 2024, the Ninth Circuit Court of Appeals ruled that the federal ban
444  on convicted felons possessing firearms violates the Second Amendment
445  for nonviolent offenders who have served their sentence. The ruling was
446  in the case United States v. Duarte.

447  The defendant Brannan  started a lawsuit against the plaintiff

448  The lawsuit ended in the plaintiff's favor

449  The defendant Brannan had no reasonable basis for starting the lawsuit

450  The defendant Brannan acted with malice in starting the lawsuit

451  The plaintiff suffered damages as a result of the lawsuit

452

## The right of the people to keep and bear arms shall not be infringed: Amendment 2 US Constitution

Because the officers lacked probable cause to arrest Mr. Gibson, this was a false arrest and malicious prosecution.

**The police did not have probable cause to arrest Mr. Gibson for Trespassing, Mr. Gibson was never charged with trespassing…**

## There was  second arrestand kidnapping:

**It is a fact the detective Brannen who called Mr. Gibson did no investigation, had a sworn duty to protect Mr. Gibsons rights to life, liberty and property, and the right to defend life liberty and property. Brannan pursued a federal indictment against Mr. Gibson, 9/25/20 they send a SWAT TEAM of 5 Military style federal police to his home with machine guns and a 10-ft crowbar to tear down his door, and kidnap him a second time with an illegitimate federal indictment arrest warrant.**

**This is excessive force, the police body cams at the post office shows Mr. Gibson was the calmest, Mr. Gibson history has no evidence of ever resisting arrest, Mr. Gibson has not committed a crime, was put in torture cuffs and put him in a jail cage... a direct result of officers Holmes and Hadzic lack of training lack of knowledge, lies and pure incompetence when it comes to fundamental law and when you are allowed to demand an ID and arrest.**

## A walking "Due process " Violation

480

481   **It is a fact though the officers claim they arrested Mr. Gibson for**
482   **trespassing there was never even a charge of trespassing!**
483   **It is a fact that Mr. Gibson was never charged with ANY of the 3**
484   **charges on the police report…20-6868 attached to this complaint**
485   **It says right on the top of the police report Trespassing**

486   **Tresp on private property**
487   **Interr with officer**
488   **Unlawful possession of a firearm**

489   **No charges we're filed.**
490

491   **There was no sworn affidavit he was trespassing, there was no**
492   **prosecutorial charging document, the prosecutor has a duty to**
493   **prosecute, there was never trespassing, because trespassing did not**
494   **exist and profoundly cannot exist when you are in a public building,**
495   **A Post Office which is public property, owned by the public at large,**
496   **not causing a disturbance, not in a restricted area, in a public area,**
497   **where the public is allowed during business hours...**
498

499   **The people are entitled to, and have every right, and need no**
500   **permission to be there, certainly cannot be arrested for being there,**
501   **and cannot be trespassing ... And these two who know nothing about**
502   **fundamental law discriminate and kidnap one person who is doing**
503   **what he has every right to do...**
504

505   ## The liability and the Damages

506   4 months later. As a result of the illegal arrest Mr. Gibson was punished,
507   a walking due Process violation, subjected to 5 Military federal police a

SWAT TEAM who came to kidnap him at his home with machine guns, and a 10-foot crowbar to tear down his door…

Jailed in Federal Holding overnight In Jennings Missouri where Mr. Gibson was given "Vegetarian Chicken?" being a vegetarian…forced to sign a release, pretrial supervision conditional upon forced compliance, Mr. Gibson was subject to cruel punishment, was not convicted of a crime, under threat of violence, forced under duress terrorized in lieu of bond being a caged in a jail, Mr. Gibson was psychologically coerced to agree to unreasonable strict supervision for nearly 12 months or be put in a cage:  No Alcohol, Random Naked Drug tests!

Mr. Gibson could not leave the state (On two occasions Mr. Gibson

was Prohibited to go to Illinois for jobs) Mr. Gibson was to report to

Federal Agents weekly, pretrial supervision and  federal agents do home

visits the Defendants punished Mr. Gibson because of the false arrest 524


_____

"The claim and exercise of a Constitutional Right cannot be

converted into a crime"... "a denial of them would be a denial of due

process of law." ((Wright v. Georgia), (1963)), ((Simmons v. United

States), (1968)), ((Palmer v. Euclid), (1971)),

((Sherar v. Cullen), (1973))


 US Constitution  Amendment 1, Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or **abridging the freedom of speech**, **or of the press**; or the right of the

people peaceably to assemble, and to petition the Government for a redress of grievances.

_____

**It should be noted *because* Mr. Gibson *has* every right to stay and photograph as invited and licensed to do, he cannot be trespassing for doing so.** 561

_____

**The claim and exercise of a constitutional right cannot be converted into a crime." Miller v. U.S., 230 F 2d 486, 489. "There can be no sanction or penalty imposed upon one because of this exercise of Constitutional rights."- Sherar v. Cullen, 481 F.**

 **photographs for news purposes may be taken in entrances, lobbies, foyers, corridors, 39 C.F.R. § 232.1(i) (2020).**

_____

**Mr. Gibson was pleasant, and non-threatening at all times, and nothing indicates that he was breaching the peace, being boisterous, or otherwise interfering with the public nor was it complained of.**

 **The only complaint was Mr. Gibson was filming, (or videoing.) (Absent a criminal predicate a first amendment protected activity, postal workers and police swear an oath to defend.)**

The officers did not have a reasonable ground for belief that Mr. Gibson was violating the law there is a well-established right to watch and film public employees.

☐ **First Amendment Protections**: The right to record public officials is grounded in the freedoms of speech and press guaranteed by the First Amendment of the U.S. Constitution. Recording is a form of information gathering and creation, which are essential steps in the expression process.

- **Quraishi v. St. Charles County** (986 F.3d 831, 8th Cir. 2021): In this case, photojournalists were arrested while covering protests. The Eighth Circuit held that the journalists' First Amendment rights were violated, emphasizing the right to document police activities in public forums.

_____

 In a democracy, public officials have no general privilege to avoid publicity and embarrassment by preventing public scrutiny of their actions.16

A highway road crew might like to arrest a frustrated motorist who parked his car and watched as the crew took an unauthorized three-hour lunch break, but such an arrest would be a flagrant abuse of government power.17

It should be noted that the officers arrested Mr. Gibson after both Holmes, Hadzic listened as Mr. Gibson read the entirety of the federal regulation applicable this conduct.21

---

16 *Walker v. City of Pine Bluff*, 414 F.3d 989, 993 (8th Cir. 2005).

17 *Id.* at 993-94.

19 *Id.* at 1091. 20 *Id.*

21 *See* n.13, *supra*.

22a"The claim and exercise of a Constitutional Right cannot be converted into a crime"... "a denial of them would be a denial of due process of law." ((Wright v. Georgia), (1963)), ((Simmons v. United States), (1968)), ((Palmer v. Euclid), (1971)), ((Sherar v. Cullen), (1973))

---

This is in conflict with clearly established law.

---

## **Duty, Breach, Liability**

The city of Afton Missouri contracts for police services with the St. Louis County Police Department and did so in 2020. The St. Louis County Police Department's policies governed the day-to day operations of the Afton precinct, and city officials and employees did not otherwise direct the police, Holmes, Hadzic, detective Brannan, Sergeant Wilson, and Captain James McWilliams, they were in violations of St. Louis County Police Policies.

It is a fact as a direct a result of St Louis county police officers, not

understanding the law and enforcing feelings instead of enforcing law, while at the Afton post office February 10th 2020 in Afton Missouri kidnapped , impounded his car, stole his gun and violated inalienable rights after being informed by Mr. Gibson, that he had every right to be in the post office, a public place and every right to take pictures in the post office according to federal regulations which he read to the officers  It is a fact, in less than 4 minutes and  during our consensual conversation the officers made an unlawful demand for ID when Mr. Gibson refused the threat of violence and without consent used excessive force, torture cuffs, and by definition **kidnapping** 724 which is to seize or take someone away illegally and by force.

_____

**565.110.  Kidnapping, first degree, penalty. —** 1.  A person commits the offense of kidnapping in the first degree if he or she unlawfully removes another person without his or her consent from the place where he or she is found or **unlawfully confines another person without his or her consent** for a substantial period, for the purpose of: (5)  Inflicting physical injury on **or terrorizing the victim** or another.

These St Louis County employees have a sworn duty to protect the rights of the people.

St Louis County Executive Sam Page is personally liable for the County employees.

St. Louis County Police Chief Lt. Colonel Gregory Mr. Gibson sent a certified letter in a notarized affidavit showing liability and intent to sue which was ignored.

Detective Rob Brannan 4398 did no investigation, pursued a federal warrant when no crime was committed

Scarpace  3686 signed off police report

Chambers 3105 signed off police report

Officer Roger Holmes **DSN-4496**

Officer Emir Hadzic **DSN-4547**

Sergent Wilson 3488 signed off police report

Williams 3818 signed off police report

Captain James McWilliams claimed no policy violations in a letter to Mr. Gibson, liable for gross negligence  and Mail Fraud

**ST. LOUIS COUNTY,**

**a political subdivision of the State of Missouri.**

**Liable for failure to train or supervise**

A federal prosecutor has a sworn duty to protect the life, liberty, and property of Mr. Gibson issued a federal indictment when no crime had been committed. Violating 4th amendment unlawful seizure and the 5th and 14th amendment due process violation.

A federal Judge has a sworn duty to protect the life, liberty, and property of Mr. Gibson pursued the indictment when no crime had been

committed. Violating 4th amendment unlawful seizure and the 5th and 14th amendment due process violation.

**Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.**

**Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I, ___ ___, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ___ under the Constitution and laws of the United States. So help me God."**

**COUNT I VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (First Amendment – Unlawfully Preventing Recording a post office lobby**

*(Against Holmes, Hadzic, and St. Louis County, Defendants)*

687

688  Plaintiff incorporates herein all the prior allegations.  Plaintiff engaged
689  in Constitutionally protected conduct of recording a post office lobby.

690  Plaintiff was prevented from exercising his First Amendment protected
691  right to record a post office lobby.

692  Defendants intentionally breached a sworn duty to protect the rights, of
693  Mr. Gibson, knowingly, maliciously, recklessly, unreasonably, and/or
694  gross negligently prevented Plaintiff from recording a post office lobby
695  without a warrant or any lawful basis.

696  Defendant's actions were based on Defendants' knowing, deliberate, and
697  reckless disregard for the truth. Further, Defendants had no knowledge
698  of any fact or circumstance which would lead a reasonable person to
699  believe that Plaintiff committed any offense, whatsoever.

700  Defendants intentionally prevented Plaintiff from recording a post
701  office, which deprived Plaintiff of his liberty without his consent,
702  probable cause, legal justification, just cause, or any other legally valid
703  reason.

704  As a result of the illegal and unconstitutional acts of the Defendants,
705  Plaintiff was harmed and suffered damages for his loss of liberty, for his
706  mental, emotional injury and pain, mental anguish, humiliation, and
707  embarrassment.

708

709

710  **COUNT II**

711  **VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**(First Amendment – Retaliation for Protected Conduct)**

**Recording a post office lobby**

***(Against Defendants, Holmes, Hadzic, and St. Louis County)***

712  Plaintiff incorporates herein all the prior allegations.

716  Plaintiff engaged in Constitutionally protected conduct of recording a
717  post office with his phone camera.

718  Defendants Holmes, Hadzic detained Plaintiff for exercising his First

719  Amendment right to record a post office lobby.

720  In retaliation for this protected conduct, Defendants Holmes, Hadzic,

721  Defendants intentionally breached a sworn duty to protect the rights, of
722  Mr. Gibson, intentionally, knowingly, maliciously, recklessly,
723  unreasonably, and/or gross negligently detained, Mr. Gibson without a
724  warrant or any lawful basis.

725  Plaintiff's retaliatory detainment was based on Defendants Holmes,
726  Hadzic, knowing, deliberate, and reckless disregard for the truth.
727  Further, Defendant Holmes, Hadzic had no knowledge of any fact or
728  circumstance which would lead a reasonable person to believe that
729  Plaintiff committed any offense, whatsoever.  Such retaliation would
730  chill and serve as a deterrent to a person of ordinary firmness from
731  engaging in such protected conduct.

732  The retaliation was motivated at least in part by the protected speech and
733  action of recording a post office lobby.

734  There was a causal connection between Plaintiff's Constitutionally
735  protected conduct and the adverse retaliatory actions taken by the
736  Defendants against Plaintiff.

737  Defendants Holmes, Hadzic, intentionally detained Plaintiff and/or had
738  him detained with the intention of confining him within the fixed
739  boundaries of the front of the patrol vehicle and kept him detained for a
740  substantial amount of time Additionally, detained Plaintiff in the St,
741  Louis County Jail, Defendants Holmes, Hadzic's conduct in detaining
742  Plaintiff deprived him of his liberty without his consent, probable cause,
743  legal justification, just cause, or any other legally valid reason.

744   The acts complained of were carried out by the individual Defendants in
745  their capacity as police officers, were not pursuant to the customs,
746  usages, practices, procedures, and the rules of St. Louis County, all
747  under the supervision of ranking officers of said department.

748  As a result of the illegal and unconstitutional acts of the Defendants,
749  Plaintiff was harmed and suffered damages for his loss of liberty, for his
750  mental, emotional injury and pain, mental anguish, humiliation, and
751  embarrassment.

752

753  **COUNT III**

754  **VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

755  **(First Amendment – Retaliation for Protected Conduct)**

756  ***(Against Defendants Holmes, Hadzic, and St. Louis County)***

757  Plaintiff incorporates herein all the prior allegations.  Plaintiff engaged
758  in Constitutionally protected conduct of recording post office lobby with
759  his phone camera.  Defendants Holmes, Hadzic seized Plaintiff's ID for
760  exercising his First Amendment protected right to record a post office
761  lobby.

762  In retaliation for this protected conduct, Defendant's Holmes,

763 Hadzic, intentionally breached a sworn duty to protect the rights, of Mr.
764 Gibson, intentionally, knowingly, maliciously, recklessly, unreasonably,
765 and/or gross negligently seized Plaintiff's ID without a warrant or any
766 lawful basis right on the heels of a false arrest.

767 Plaintiff's retaliatory detainment was based on Defendants Holmes,

768 Hadzic knowing, deliberate, and reckless disregard for the truth. Further,

769 Defendants Holmes, Hadzic, had no knowledge of any fact or
770 circumstance which would lead a reasonable person to believe that
771 Plaintiff committed any offense, whatsoever.

772 Such retaliation would chill and serve as a deterrent to a person of
773 ordinary firmness from engaging in such protected conduct.

774 The retaliation was motivated at least in part by the protected speech or
775 action of filming the post office.

776 There was a causal connection between Plaintiff's Constitutionally
777 protected conduct and the adverse retaliatory actions taken by
778 Defendants Holmes Hadzic, against Plaintiff.

779 Defendants Holmes, Hadzic intentionally seized Plaintiff's ID with the
780 intention of seizing it for a substantial amount of time before releasing it.

781 Additionally, Defendants Holmes, Hadzic conducts in seizing Plaintiff's
782 ID deprived him of his liberty, without probable cause, legal
783 justification, just cause, or any other legally valid reason. The acts
784 complained of were carried out by the individual Defendants in their
785 capacity as police officers, were not pursuant to the customs, usages,
786 practices, procedures, and the rules of the St. Louis County, all under the
787 supervision of ranking officers of said department.

788 As a proximate result of the illegal and unconstitutional acts of the

Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT IV**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**(First Amendment – Retaliation for Protected Conduct)**

***(Against Defendants Holmes, Hadzic, and St. Louis County)***

Plaintiff incorporates herein all the prior allegations.

Plaintiff engaged in Constitutionally protected conduct of recording a post office with his phone camera.

Defendant Holmes, Hadzic, seized Plaintiff and his phone for exercising his First Amendment right to record the post office.

In retaliation for this protected conduct, Defendants Holmes,

Hadzic**,** intentionally breached a sworn duty to protect the rights, of Mr. Gibson, intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful basis.

Plaintiff's retaliatory detainment was based on Defendants Holmes**,** Hadzic, knowing, deliberate, and reckless disregard for the truth. Further, Defendants Holmes, Hadzic had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

Such retaliation would chill and serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

814 The retaliation was motivated at least in part by the protected speech or
815 action of filming a post office.

816 There was a causal connection between Plaintiff's Constitutionally
817 protected conduct and the adverse retaliatory actions taken by
818 Defendants Holmes, Hadzic against Plaintiff.

819 Defendants Holmes, Hadzic intentionally seized Plaintiff' phone with
820 the intention of seizing it for a substantial amount of time before
821 releasing it.

822 Additionally, Defendants Holmes, Hadzic, conduct in seizing Plaintiff's
823 phone deprived him of his liberty without his consent, probable cause,
824 legal justification, just cause, or any other legally valid reason.

825 The acts complained of were carried out by the individual Defendants in
826 their capacity as a police officer, pursuant to the customs, usages,
827 practices, procedures, and the rules of St. Louis County, all under the
828 supervision of ranking officers of said department.

829 As a proximate result of the illegal and unconstitutional acts of the

830 Defendants, Plaintiff was harmed and suffered damages for his loss of
831 liberty, for his mental, emotional injury and pain, mental anguish,
832 humiliation, and embarrassment.

833
834
835

836 **COUNT V**

837 **VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

838 **(Fourth Amendment - Unlawful Seizure of Phone)**

839 ***(Against Defendants Holmes, Hadzic, and St. Louis County)***

840    Plaintiff incorporates herein all the prior allegations.

841    The Fourth Amendment requires police officers to possess sufficient
842    probable cause.

843    Defendants Holmes, Hadzic intentionally, knowingly, and maliciously,
844    recklessly, unreasonably, and/or gross negligently seized Plaintiff's
845    phone without a warrant or any lawful basis.

846    At all times relevant, Plaintiff had a clearly established right to liberty,
847    including unlawful seizure pursuant to the Fourth Amendment to the
848    United States Constitution.

849    At all times relevant, as a police officer acting under color of law,
850    Defendants Holmes, Hadzic was required to obey the laws of the United
851    States.

852    The acts complained of were carried out by the individual Defendants in
853    their capacity as police officers, with the entire actual and/or apparent
854    authority attendant thereto.

855    The acts complained of were carried out by the individual Defendants in
856    their capacity as police officers, pursuant to the customs, usages,
857    practices, procedures, and the rules of the St. Louis County, all under the
858    supervision of ranking officers of said department.
859    Defendants, while acting under the color of state law, engaged in
860    conduct that constituted a custom, usage, practice, procedure, or rule of
861    the respective municipality/authority, which is forbidden under the
862    Constitution of the United States.

863    In violation of Plaintiff's clearly established constitutionally-protected
864    right to be free from punishment and deprivation of life, liberty, and
865    property without due process of law under the Fourth Amendment to the
866    United States Constitution,

867    Defendants Holmes**,** Hadzic unlawfully seized Plaintiff's property.

868    As a proximate result of the illegal and unconstitutional acts of the

869    Defendants, Plaintiff was harmed and suffered damages for his loss of
870    liberty, for his mental, emotional injury and pain, mental anguish,
871    humiliation, and embarrassment.

872    **COUNT VI**

873    **VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

874    **(Fourth Amendment - Unlawful Seizure of ID)**

875    ***(Against Holmes, Hadzic, and St. Louis County, Defendants)***

876    Plaintiff incorporates herein all the prior allegations.

877    The Fourth Amendment requires police officers to possess sufficient

878    probable cause before seizing the property of a criminal suspect.

879    Defendants Holmes**,** Hadzic intentionally, knowingly, and maliciously,

880    recklessly, unreasonably, and/or gross negligently unlawfully ordered
881    Plaintiff to give him his ID and thereafter, immediately unlawfully
882    arrested plaintiff without a warrant or any lawful basis.

883    At all times relevant, Plaintiff had a clearly established right to liberty,
884    including unlawful seizure pursuant to the Fourth Amendment to the
885    United States Constitution.

886    At all times relevant, as police officers acting under color of law,

887    Defendants Holmes**,** Hadzic was required to obey the laws of the United
888    States.

889  The acts complained of were carried out by the individual Defendants in their capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

892  The acts complained of were carried out by the individual Defendants in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the St. Louis County, all under the supervision of ranking officers of said department.

896  Defendants collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States.

900  In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life, liberty, and property without due process of law under the Fourth Amendments to the United States Constitution,

904  Defendants Holmes, Hadzic unlawfully seized Plaintiff's property.

905  As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his loss of liberty, for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT VII**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**(Fourth Amendment - Unlawful Detainment)**

***(Against Holmes, Hadzic, and St. Louis County, Defendants)***

913  Plaintiff incorporates herein all the prior allegations.

914    The Fourth Amendment requires police officers to possess sufficient

915    reasonable suspicion of criminal activity to detain a suspect.

916    At all times relevant, Plaintiff had a clearly established right to liberty,

917    including his right to personal safety and bodily integrity, as well as
918    protection from unlawful seizure, unnecessary force, unreasonable force
919    pursuant to the Fourth Amendment to the United States Constitution.

920    At all times relevant, as police officers acting under color of law,
921    Defendant Officers were required to obey the laws of the United States.

922    Defendants Holmes, Hadzic wantonly, intentionally, knowingly,
923    maliciously, recklessly, objectively unreasonably, and/or with gross
924    negligence and/or deliberate indifference, detained Plaintiff in the St.
925    Louis County Jail without a warrant or any lawful basis.

926    Plaintiff was detained by Defendants Holmes, Hadzic for filming the
927    post office. Plaintiff was handcuffed by Defendants Holmes, Hadzic,
928    forcibly seized, Mr. Gibsons, car, phone ,gun, and ID was seized was not
929    free to leave and was therefore detained.

930    Plaintiff's detainment was based on Defendants Holmes, Hadzic,
931    knowing, deliberate, and reckless disregard for the truth, wherein,
932    Defendants Holmes, Hadzic, made false statements regarding the law.
933    Further, Defendants Holmes, Hadzic had no knowledge of any fact or
934    circumstance which would lead a reasonable person to believe that
935    Plaintiff committed any offense, whatsoever.

936    Defendants Holmes, Hadzic intentionally detained Plaintiff and/or had
937    him detained with the intention of confining him within the fixed
938    boundaries of in front of the police car kidnapping him and kept him
939    detained for a substantial amount of time in the St. Louis County Jail.

940 Additionally, Defendant's conduct in detaining Plaintiff deprived him of
941 his liberty without his consent, probable cause, legal justification, just
942 cause, or any other legally valid reason.

943 All the aforementioned acts deprived Plaintiff of the rights, privileges
944 and immunities guaranteed to citizens of the United States by the First,
945 Second, Fourth, Fifth and Fourteenth Amendments to the Constitution of
946 the United States of America, and in violation of 42 U.S.C. § 1983.

947 The acts complained of were carried out by Defendants Holmes, Hadzic
948 in their capacity as police officers, with the entire actual and/or apparent
949 authority attendant thereto.

950 The acts complained of were carried out by Defendants Holmes, Hadzic
951 in their capacity as a police officer, pursuant to the customs, usages,
952 practices, procedures, and the rules of St. Louis County, all under the
953 supervision of ranking officers of said department.

954 Defendants Holmes, Hadzic, while acting under the color of state law,

955 Defendants Holmes, Hadzic actions constituted unlawful detention of
956 Plaintiff. As a proximate result of the illegal and unconstitutional acts of
957 the Defendants, Plaintiff was harmed and suffered damages for his loss
958 of liberty for his mental, emotional injury and pain, mental anguish,
959 humiliation, and embarrassment.

960

961 **COUNT VIII**

962 **VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
963 **Breach of Duty to protect the Rights**

964 The 2nd amendment makes it clear it is a protected right :THE RIGHT to
965 defend yourself cannot be infringed.

966 Detective Rob Brannan has a sworn duty to protect the rights of Mr.
967 Gibson, Detective Rob Brannan breached that duty and is liable for the
968 damages caused by his gross negligence.

969 The defendant Brannan  started a lawsuit against the plaintiff

970 The lawsuit ended in the plaintiff's favor

971 The defendant Brannan had no reasonable basis for starting the lawsuit

972 The defendant Brannan acted with malice in starting the lawsuit with
973 indifference to the duty to protect the rights of Mr. Gibson

974 The plaintiff suffered damages as a result of the lawsuit

975 **It is a fact the detective Brannen who called Mr. Gibson did no**
976 **investigation, had a sworn duty to protect Mr. Gibsons rights**
977 **to life, liberty and property, and the right to defend life liberty**
978 **and property. Brannan pursued a federal indictment against**
979 **Mr. Gibson, 9/25/20 they send a SWAT TEAM of 5 Military**
980 **style federal police to his home with machine guns and a 10-ft**
981 **crowbar to tear down his door, and kidnap him a second time**
982 **with an illegitimate federal indictment arrest warrant.**

983  **This is excessive force.**

984
985 **The right of the people to keep and bear arms shall not be infringed:**
986 **Amendment 2 US Constitution**

987

988 **COUNT IX**

989 **VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

990 **(Municipal Liability-Failure to Train and Supervise)**

991 ***(Against St. Louis County)***

992 Plaintiff incorporates herein all the prior allegations.

993 A municipality is liable under 42 U.S.C. § 1983 if the alleged violations
994 are attributable to its own policies, practices, and customs.

995 At all times relevant to this complaint, Defendant St. Louis County acted
996 with deliberate indifference to Plaintiff's constitutional rights by
997 maintaining policies, practices, and customs that condoned and fostered
998 Defendants Holmes**,** Hadzic's conduct.

999  In the alternative and at all times relevant to this complaint, Defendant
1000 St. Louis County did not in fact have such a policy in place, but failed to
1001 properly train Defendants Holmes**,** Hadzic, including supervising police
1002 officers, thereby demonstrating deliberate indifference to Plaintiff's
1003 rights Defendant St. Louis County failed to: (a) adequately supervise and
1004 train its officers and agents, especially Defendants Holmes**,** Hadzic,
1005 thereby failing to adequately discourage further constitutional violations
1006 on the part of its officers; and (b) properly and adequately monitor and
1007 discipline its officers.  Defendants Holmes**,** Hadzic stated that they were
1008 permitted to seize Plaintiffs ID

1009 Defendant Holmes Explains Post office is **both** Private Property

1010 and **(federal)** Public Property**!**

1011 As is being pled in this alternative, the fundamental lack of knowledge
1012 of such basic Constitutionally protected conduct by Defendants Holmes,
1013 Hadzic**,** could only be the by-product of St. Louis County's failure to
1014 adequately train Defendants Holmes, Hadzic**,** before putting them in the
1015 position in which they were placed by the Defendants City.

Defendant St. Louis County failed to properly train its police officers on the proper standard for initiating an investigation of a criminal suspect, and how and when to seize a person or their property.

It" seems" these police officers think that they have rights

none of the rest of us have, they displayed a fundamental misunderstanding of the law, of consensual encounters, to investigative detentions, to stop and ID, to illegal search and seizure, to violations of several civil rights.

To the point where they are willing to initiate unjust force and violence and the brutality of the state, on peaceful people who have literally done nothing wrong.

It seems this attitude and incompetence of the law extends to the top as these two supervisors; St. louis county Wilson (DSN) 3488, Williams (DSN) 3818, approved the unlawful arrest.

Add into the equation Captain James McWilliams a COMMANDER sent plaintiff a letter February 16, 2022; "I have determined that the officers acted within the scope of their authority in the incident I find no

apparent misconduct **or violations of the policies and procedures of this department** and no further investigation will be conducted".. The captain admitting gross negligence in his letter.

Defendant St. Louis County's failure to adequately supervise and train its police officers on the proper procedures for investigations and criminal investigations caused Defendant Officers to violate Plaintiff's Constitutional rights.

As a result of Defendant St. Louis County's failure to adequately train or correct them policy to arrest people for exercising protected conduct,

Plaintiff was harmed and seeks compensatory and punitive damages in addition to reasonable attorney fees.

**COUNT X**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**( Breached Duty to protect rights )**

***(Against Holmes, Hadzic, St Louis County Executive Sam Page***

***St. Louis County Police Chief Lt. Colonel Gregory***
***Rob Brannan DSN 4398***
***Roger Holmes DSN 4496***

***Emir Hadzic DSN 4547***

***Wilson DSN 3488***
***and St. Louis County, Defendants)***

Plaintiff incorporates herein all the prior allegations.

**Defendant, St Louis County Executive Sam Page was employed by St. Louis County, is responsible for the employees of St Louis County has a duty, swore an oath to protect the rights of the people, breached that duty, as a result Mr. Gibson was damaged**

**Defendant, St Louis county police chief lieutenant Colonel Gregory was employed by St. Louis County is responsible for his officers has a duty swore an oath to protect the rights of the people, breached that duty, as a result Mr. Gibson was damaged**

**Defendant, Rob Brannan was the detective was employed by St. Louis County responsible for pursuing a false indictment against Mr. Gibson, has a duty to do a thorough investigation and protect the rights of the people, breached that duty as a result Mr. Gibson was damaged**

**Defendant, Wilson DSN 3488 was employed by St. Louis County has a sworn duty to protect the rights of the citizens breached that duty, as a result Mr. Gibson was damaged**

That all constitutional government is intended to promote the general welfare of the people; that all persons have a natural right to life, liberty, the pursuit of happiness and the enjoyment of the gains of their own industry; that all persons are created equal and are entitled to equal rights and opportunity under the law; that to give security to these things is the principal office of government, and that when government does not confer this security; it fails in its chief design.

Defendants took aim, with intent, and with definite of purpose, Deprived Plaintiff of his natural right to life.  Defendants Holmes, Hadzic, St. Louis County, took aim, with intent, and with definite of purpose, Deprived Plaintiff of his natural right to liberty.

 took aim, with intent, and with definite of purpose, Deprived Plaintiff of his natural right. to the pursuit of happiness.

 Defendants with intent, and with definite of purpose, Deprived Plaintiff of his natural right, to enjoy the gains of his industry.

As a proximate result of the illegal and unconstitutional acts of the

Defendants, Plaintiff was harmed and suffered damages for his loss of liberty for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment. and seeks compensatory and punitive damages in addition to reasonable attorney fees.

**COUNT XI**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**(First, Second, Fourth, Fifth, and Fourteenth Amendments to the Constitution)**

***(Against Holmes, Hadzic, and St. Louis County, Defendants)***

Plaintiff incorporates herein all the prior allegations.

Excessive force is generally prohibited by the Fourth, and Fourteenth Amendments.  The Fourth Amendment protects free citizens from "unreasonable searches and seizures" against "cruel and unusual punishments." For those who are not free citizens but

who have not yet been convicted, i.e. a pretrial detainee, the Fourteenth

Amendment's due process clause is used to protect against the

use of excessive force.

Whether the force used is excessively depends on "whether the officers'

actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989). This objective test means that "[a]n officer's evil

1117 intentions will not make a Fourth Amendment violation out of an
1118 objectively reasonable use of force; nor will an officer's good intentions
1119 make an objectively unreasonable use of force constitutional." Id.

1120 When it comes to citizens exorcising lawfully protected acts, no amount
1121 of force used shall be deemed reasonable, any amount of force shall be
1122 unreasonable, criminal.

1123 At all times relevant, Plaintiff had a clearly established right to liberty,

1124 including his right to personal safety and bodily integrity, as well as
1125 protection from unlawful seizure, unnecessary force, unreasonable force
1126 pursuant to the Fourth Amendment to the United States Constitution.

1127 At all times relevant, as police officers acting under color of law,
1128 Defendants were required to obey the laws of the United States.

1129 Defendants Holmes, Hadzic wantonly, intentionally, knowingly,
1130 maliciously, recklessly, objectively unreasonably, and/or with gross
1131 negligence and/or deliberate indifference, used excessive force on
1132 Plaintiff without a warrant or any lawful basis.

1133 excessive force was used on Plaintiff by Defendants Holmes, Hadzic for

1134 filming the post office lobby.

1135 Plaintiff was handcuffed by Defendants Holmes, Hadzic, forcibly
1136 seized, tortured was not free to leave and was therefore detained.

1137 Holmes, Hadzic, hurt plaintiff, (SEEN ON CAMERA) twisting his arm,
1138 Plaintiff states "you don't have to twist me hard like that" Hadzic states
1139 "no one is hurting you, (While they are hurting him) this is all on camera
1140 we're good"

1141 Plaintiff's detainment was based on Defendants Holmes, Hadzic
1142 knowing, deliberate, and reckless disregard for the truth, wherein,

Defendants Holmes, Hadzic, Holmes, made false statements regarding the law. Further, Defendants Holmes, Hadzic had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.  Defendants Holmes, Hadzic intentionally detained Plaintiff and/or had him detained with the intention of confining him within the fixed boundaries of in front

of the police car kidnapping him and kept him detained for a substantial amount of time in the St. Louis County Jail.

Additionally, Defendant's conduct in detaining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason, a walking due process violation.

All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Second, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

Without probable cause or Reason of Suspicion of wrongdoing whatsoever.

_____

False imprisonment. ***Plummer v. State***

_____

 The Defendants lacked probable cause to arrest Mr. Gibson. The Defendants Hadzic, Holmes, violated federal law.

The Defendants Hadzic, Holmes, violated state law.

The Defendants Hadzic, Holmes, body cams clearly prove their misconduct.

The Defendants Hadzic, Holmes, body cams display clearly the officers

1169    do not understand the law they swore an allegiance to uphold.

1170    The Defendants claimed they arrested plaintiff for trespassing when
1171    trespassing did not occur.

1172    All cops should know that this is not criminal behavior and that
1173    inalienable right to life liberty and property freedom of the press, the
1174    right to keep and bear arms is a clearly established constitutionally
1175    protected right, the officers are not entitled to qualified immunity in
1176    regard to the false arrest, as to Mr. Gibson's first amendment retaliation
1177    claim That Mr. Gibson engaged in a constitutionally protected acts,

1178    that he suffered an adverse action likely to chill a person of ordinary

1179    firmness from continuing to engage in protected acts, and that the

1180    protected act was a substantial or motivating factor in the decision to

1181    take adverse action.

1182    The defendants did not contest that the act was constitutionally

1183    protected nor could they, the officers removed Mr. Gibson from a public

1184    space he had every constitutionally protected right to be in. Holmes,

1185    Hadzic was called to the post office because Mr. Gibson was doing what

1186    he is invited and allowed to do and it is protected by the FIRST

1187    AMMENDMENT.

1188    the forefathers felt it was so important that it was mentioned

1189    FIRST.

1190    Defendants Holmes, Hadzic swore an oath to uphold the first
1191    amendment and instead of upholding and protecting Mr. Gibson's rights

1192 Defendants Holmes**,** Hadzic profoundly took aim with intent and
1193 definite of purpose violated Mr.

1194 Gibson's FIRST AMMENDMENT.

1195 Mr. Gibson was subjected to unreasonable supervision, when he was not
1196 convicted of a crime.

1197  Because of the defendant's negligent actions Mr. Gibson was
1198 punished with no due process.

1199 The Fifth Amendment breaks down rights or protections: the
1200 protection against the taking of property by the government without
1201 compensation…the Defendants kidnaped Mr. Gibson spirit, soul and
1202 body, with no due process.

1203 As a proximate result of the illegal and unconstitutional acts of the
1204 Defendants, Plaintiff was harmed and suffered damages for his loss of
1205 liberty for his mental, emotional injury and pain, mental anguish,
1206 humiliation, and embarrassment. and seeks compensatory and punitive
1207 damages in addition to reasonable attorney fees.

1208

1209

1210 **DEMAND FOR RELIEF**

1211  **WHEREFORE**, Plaintiff, Shannon Gibson, demands judgment

1212  for the following relief, jointly and severally, against all Defendants:

1213 a. Full and fair compensatory damages in an amount to be determined by
1214 a jury; Punitive damages in an amount to be determined by a jury;

c. Reasonable attorney's fees and costs of this action; and

d. Any such other relief as appears just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ.

P. 38(b).

Shannon Gibson /S/

5520 Minnesota Ave. St. Louis Mo 63111

314 397 9354

Shannon@youchoosetowin.com