# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHANNON GIBSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-00176-HEA |
| ST. LOUIS COUNTY, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff's (1) Motion for Magistrate Judge Jurisdiction and (2) Amended Motion for Magistrate Judge Jurisdiction. For the following reasons, the motions will be denied.

Plaintiff filed this action on February 10, 2025, and it was randomly assigned to Magistrate Judge Abbie Crites-Leoni. On February 13, 2025, Judge Crites-Leoni entered an Order requiring Plaintiff to file an amended complaint on a Court-provided form and either pay the $405 filing fee or file an application to proceed without prepaying fees. Judge Crites-Leoni later granted Plaintiff a 30-day extension of time to comply with the Order.

On March 26, 2025, the Clerk of Court entered an Order randomly reassigning the case from Magistrate Judge Crites-Leoni to District Judge Henry Edward Autrey. The Order reassigned the case pursuant to Local Rule 2.08(A) which provides that "[i]n the event the action is assigned to a magistrate judge, each party must execute and file within 21 days of its appearance either a written consent to the exercise of authority by a magistrate judge . . . or a written election to have the action reassigned to a district judge." E.D. Mo. Local Rule 2.08(A). Because Plaintiff is the only party who has entered his appearance, presumably he filed a written election to have the

action reassigned to a district judge. In addition, on March 27, 2025, Plaintiff filed a Motion to Disqualify Magistrate Judge. In his motion he sought to have Magistrate Judge Crites-Leoni disqualified from the case because she allegedly had a personal bias and a conflict of interest. In his motion, Plaintiff states that he would consent to a magistrate judge, but not Magistrate Judge Crites-Leoni. At the time he filed the motion, however, it was already moot because the case had already been reassigned to District Judge Henry Edward Autrey. Therefore, the Court denied the motion as moot.

On March 31, 2025, Plaintiff filed a "Motion for Magistrate Judge Jurisdiction," in which he sought to have the case reassigned to a magistrate judge other than Magistrate Judge Crites-Leoni. He states that "the court cannot force plaintiff, to a district judge, that is not consent." ECF No. 9 at 2. Also on March 31, 2025, Plaintiff amended his "Motion for Magistrate Judge Jurisdiction," stating that he misunderstood Magistrate Judge Crites-Leoni's Order, and sought to have the Court to reassign this case back to Magistrate Judge Crites-Leoni.

The Court's Local Rules do not allow for a party to opt out of a particular magistrate judge and be assigned to a different magistrate judge. Nor will the Court allow a party to opt out of a magistrate judge and opt back into a magistrate judge after a district judge has been assigned to the case. This would allow unhappy litigants to judge shop, which frustrates the administration of justice. For these reasons, the Court will deny Plaintiff's Motion for Magistrate Judge Jurisdiction (ECF No. 9) and Amended Motion for Magistrate Judge Jurisdiction (ECF No. 10).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Magistrate Judge Jurisdiction is **DENIED**. [ECF No. 9]

-3-

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Magistrate Judge Jurisdiction is **DENIED**. [ECF No. 10]

Dated this 2nd day of April, 2025.

                                              HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE