**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SHANNON GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-176 HEA |
| | ) | |
| ST. LOUIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants St. Louis County ("the County"), Rob Brannan, Roger Holmes, and Emir Hadzic's Motion to Dismiss Plaintiff's Fourth Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 66). Plaintiff Shannon Gibson, who is pursuing this matter *pro se* without the assistance of counsel, opposes the motion, which is fully briefed and ripe for review. For the reasons that follow, the Court grants in part and dismisses in part Defendants' Motion to Dismiss.[1]

---

[1] Also pending before the Court is Plaintiff's Motion for Leave to File Notice of Supplemental Authority and Motion for Hearing. (ECF Nos. 71 and 75). The Court will grant leave for Plaintiff to file supplemental authority, which was included in his motion for leave, but denies his motion for a hearing.

## I.    *Background*

This case arises out of an arrest that took place on February 10, 2020, at the United States Post Office in Affton, Missouri. In his Fourth Amended Complaint, Plaintiff brings the following claims pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the United States Constitution: First Amendment retaliation (press/recording) against Defendants Holmes and Hadzic (Count I); Fourth Amendment unlawful seizure and arrest without probable cause against Defendants Holmes and Hadzic (Count II); Second Amendment unlawful firearm confiscation and retention against Defendants Holmes and Hadzic (Count III); Eighth Amendment excessive and degrading pretrial conditions against Defendants Holmes, Hadzic, and Brannan (Count IV); Fourteenth Amendment due process, equal protection, and "bodily autonomy" against Defendants Holmes, Hadzic, and Brannan (Count V); Fourth Amendment Violations for Unlawful Seizure of Person and Property, Arrest without Probable Cause, and Warrantless Retention of Property against Defendants Holmes, Hadzic, Brannan and the County (Count X); First Amendment – Denial of the Right to Petition the Government for Redress of Grievances against Defendants Holmes, Hadzic, Brannan and the County (Count XII); *Monell* liability for policies, customs, and failure to train/supervise against the County (Count VI); Damages and Injunctive Relief – "Transforming

2

Constitutional Harm into Civic Remedy and Public Education" against Defendants Holmes, Hadzic, Brannan and the County (Count VII); and Injunctive and Declaratory Relief – "Framing Public Education and Institutional Remedy as Constitutional Redress" against Defendants Holmes, Hadzic, Brannan and the County (Count VIII). Plaintiff also brings the following two common law claims under Missouri law: Malicious Prosecution against Defendants Holmes, Hadzic, Brannan and the County (Count IX) and Conversion and Replevin for Wrongful Detention of Firearm, Mobile Phone, and Vehicle against Defendants Holmes, Hadzic, Brannan, and the County (Count XI). Defendant Holmes, Hadzic and Brannan are sued in their individual and official capacities.

In their Motion to Dismiss, Defendants argue Plaintiff's Fourth Amended Complaint should be dismissed as to all Defendants, because *res judicata* applies to all alleged claims raised against them. They also argue Plaintiff's Fourth Amended Complaint fails to state a claim under 42 U.S.C. § 1983 based on collateral estoppel. Defendants further argue that even if *res judicata* or collateral estoppel do not apply, the individual defendants are entitled to qualified immunity as to Plaintiff's § 1983 claims, and that Plaintiff fails to state a constitutional claim against the individual defendants and the County. Finally, Defendants argue Plaintiff fails to state claims under Missouri law, because Plaintiff's Missouri claims against the County and

3

against the officer defendants in their official capacity are barred by sovereign immunity; the Missouri claims against the officer defendants in their individual capacity are barred by official immunity and the public duty doctrine; and as to Plaintiff's malicious prosecution claim, the claim is barred by the applicable Missouri statute of limitations.

## II.     Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted).  The facts alleged must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is

4

improbable," *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.   *Id.* at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. *Iqbal*, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.*

Finally, a complaint filed by a *pro se* plaintiff should be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *See also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). The complaint, however, "still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding *a pro se* plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the

5

pleaded facts as true, states a claim as a matter of law.")). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

### III.    *Facts Alleged in Plaintiff's Fourth Amended Complaint*

Plaintiff alleges that on February 10, 2020, he went to the United States Post Office in Affton, Missouri, to mail packages and while waiting in line in the lobby, he began filming. According to Plaintiff, the manager placed a 911 call in which he complained that Plaintiff was "acting up" and would not stop recording. (ECF No. 58 at 9).

Within minutes, St. Louis County Officers, Defendants Hadzic and Holmes, arrived on the scene. Defendant Hadzic asked the Postal Supervisor if he had asked Plaintiff to leave, and the supervisor responded that he had not, but he was now. (ECF No. 58 at 9). Defendants Hadzic and Holmes told Plaintiff that he had to leave the post office, and Plaintiff questioned their authority to do so. Defendant Holmes told Plaintiff that they were "suspecting" him of trespassing, and Defendant Hadzic asked to see Plaintiff's ID. Plaintiff refused, and he was handcuffed. The officers found a firearm on Plaintiff's person after he was handcuffed.

Plaintiff alleges that his phone, identification, car, and firearm were seized. Plaintiff was released after several hours of detention, and no state criminal charges were filed related to the incident at the post office.

Plaintiff alleges that on April 20, 2020, he participated in a recorded telephone call with a St. Louis County Police Detective, Defendant Brannan. Plaintiff further alleges that Defendant Brannan claimed that a decades-old Illinois burglary conviction barred Plaintiff from possessing firearms, that Plaintiff was being charged federally for illegal possession of a firearm, and that Plaintiff had been charged with trespassing. (ECF No. 58 at 11). Defendant Brannan also told Plaintiff that he was not getting his gun back "whether you even beat this case or not" and that Plaintiff was "not allowed to have firearms." (ECF No. 58 at 12).

Plaintiff also alleges the following in his Fourth Amended Complaint:

On September 24, 2020, federal agents executed an arrest warrant for alleged felony ammunition possession at Plaintiff's residence, deploying a SWAT team consisting of approximately five armed agents with long guns and a large breaching tool. Plaintiff was taken into custody and transported to a detention facility in Jennings, Missouri, and on September 25, 2020, to the Thomas F. Eagleton U.S. Courthouse.

[ ] Following release, Plaintiff was placed on pretrial supervision for approximately twelve months under conditions that included: prohibition on possessing firearms; random drug testing conducted under observation requiring full disrobing; weekly in-person check-ins and home visits by federal agents; travel restrictions that impeded employment opportunities in Illinois; and prohibition on alcohol

7

consumption. Plaintiff alleges these conditions and the arrest resulted from [Defendant] Brannan's referral to federal authorities absent admissible evidence of a crime.

(ECF No. 58 at 12-13).

### IV.    *Judicial Notice*

Ordinarily, only facts alleged in the complaint are considered in ruling on a Rule 12(b)(6) motion to dismiss. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). But a court may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012). The Court takes judicial notice of the fact that on July 1, 2020, Plaintiff was indicted in the United States District Court for the Eastern District of Missouri on the charge of felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). *See United States v. Gibson*, No. 4:20-CR-309 RLW. The government moved to dismiss the indictment, which was granted on May 19, 2021. *Id.*

The Court also takes judicial notice of the fact that on February 10, 2022, Plaintiff filed suit against Defendants Hadzic, Holmes, and the County in the United States District Court for the Eastern District of Missouri. *See Gibson v. Hadzic, et al.*, 4:22-CV-163 SPM ("*Gibson I*"). In this suit, Plaintiff alleged that on February 10, 2020, St. Louis County police officers Emir Hadzic and Roger Holmes arrested

8

him for trespassing at the U.S. Post Office in Afton, Missouri for refusing to leave after being directed to do so. Plaintiff brought suit under 42 U.S.C. § 1983 and claimed the following: he was unlawfully prevented from recording in a post office lobby in violation of the First Amendment; he was unlawfully detained in retaliation for exercising his First Amendment rights; his ID and phone were seized in retaliation for exercising his First Amendment rights; his ID and phone were seized and his car was impounded in violation of his Fourth Amendment rights; he was arrested without probable cause in violation of the Fourth Amendment; he was unlawfully detained in violation of the Fourth Amendment; he was unlawfully detained and excess force was used against him in violation of the Fourth, Eighth, and Fourteenth Amendments.   Plaintiff further alleged the County was liable for maintaining a custom or policy that violated individuals' constitutional rights and for failing to train or supervise. *See* 4:22-CV-163 SPM, ECF No. 15.

In his Third Amended Complaint in *Gibson I*, Plaintiff also made the following factual allegations:

> As a result of the illegal arrest Mr. Gibson was punished, a walking due Process violation, subjected to 5 Military police who came to kidnap him at his home with machine guns, and a 10-foot crowbar to tear down his door…

> [ ] Jailed in Federal Holding overnight In Jennings Missouri where Mr. Gibson was given "Vegetarian Chicken?" being a vegetarian…forced to sign a release, conditional upon compliance Mr. Gibson was subject

to cruel punishment, was not convicted of a crime, under threat of violence, forced under duress in lieu of a rape cage, Mr. Gibson was forced to agree to unreasonable supervision for 12 months or be put in a rape cage:

[ ] No Alcohol, Random Drug tests,

[ ] Mr. Gibson could not leave the state (On two occasions Mr. Gibson was Prohibited to go to Illinois for jobs) Mr. Gibson was to report to Federal Agents weekly, and they (federal agents) can do home visits…the Defendants punished Mr. Gibson because of the false arrest, issued a federal indictment when no crime had been committed, Mr. Gibson was subjected to unreasonable supervision, when he was not convicted of a crime.

4:22-CV-163 SPM, ECF No. 15 at 47-48.

In a Memorandum and Opinion dated September 25, 2023, the Honorable Shirley Padmore Mensah dismissed with prejudice all of Plaintiff's claims against Defendants Hadzic, Holmes, and the County. Judge Mensah found Plaintiff had failed to state claims against Defendants Hadzic and Holmes in their individual or official capacity. She found the official capacity claims were redundant to Plaintiff's claims against the County. She also found that Plaintiff's First and Fourth Amendment claims related to his arrest should be dismissed because based on the facts alleged, "under the totality of the circumstances known to the officers, the officers had probable cause to believe Plaintiff was engaged in the crime of trespass." (4:22-CV-163 SPM, ECF No. 68 at 13). She also found Plaintiff had failed to allege claims of excessive force. Judge Mensah further found Defendants Hadzic

10

and Holmes were entitled to qualified immunity. Finally, Judge Mensah ruled that Plaintiff had failed to state a claim against the County in that he failed to allege a constitutional violation and, moreover, there were insufficient allegations from which one could infer that the County maintained customs or policies that resulted in the deprivation of individuals' constitutional rights or that it failed to adequately train or supervise its officers in violation of *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978).

Plaintiff filed a Motion to Reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which Judge Mensah denied. (4:22-CV-163 SPM, ECF Nos. 70 and 74). Plaintiff did not appeal the final judgment against him in *Gibson I*.

## V.  Discussion

### A. Plaintiff's Claims Against Defendants Hadzic, Holmes, and the County Are Barred by Res Judicata.

Defendants argue that Plaintiff's Fourth Amended Complaint should be dismissed in its entirety because *res judicata* applies to all alleged claims raised therein. Defendants assert that all the claims in Plaintiff's Fourth Amended Complaint are related directly to his arrest in the U.S. Post Office in Afton, Missouri on February 10, 2020, as well as his subsequent federal prosecution. Therefore, according to Defendants, Plaintiff raises the same incident and issues in this lawsuit that he had raised against Defendants Hadzic, Holmes, and the County in *Gibson I*.

11

Defendants argue that Plaintiff could have raised all of the claims in Plaintiff's Fourth Amended Complaint in *Gibson I*, and he is precluded from bringing the above-captioned caused of action under the doctrine of *res judicata.*

In his response memorandum, Plaintiff argues that the application of *res judicata* cannot be raised in a Rule 12(b)(6) motion to dismiss. The Eighth Circuit Court of Appeals has rejected Plaintiff's argument and has held that *res judicata* may be adjudicated on a Rule 12(b) motion to dismiss, if the affirmative defense is based upon items that are subject to judicial notice and matters of public record. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012). *See also Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) ("In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is not precluded in its review of the complaint from taking notice of items in the public record.") (cleaned up). As Defendants' motion is based on matters of public record, the Court now turns to the merits of the affirmative defense.

Under *res judicata* "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). When a final judgment is entered on the merits, *res judicata* bars the parties or one in privity with the parties from litigating a claim in a second lawsuit that was or could have been raised in the

12

first lawsuit. *Saylor v. Jeffreys*, 131 F.4th 864, 866 (8th Cir. 2025). To establish Plaintiff's claims are barred by the doctrine of *res judicata*, Defendants must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. U.S. Dep't of Health & Hum. Servs.*, 533 F.3d 634, 639 (8th Cir. 2008) (quotation and citation omitted). The Court will examine each of the four requirements of *re judicata.*

As to the first requirement, the Court finds that *Gibson I* resulted in a final judgment. Judge Mensah dismissed Plaintiffs' claims on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The dismissal, which was contested, was with prejudice and constitutes a final judgment on the merits. *Ruple v. City of Vermillion, S.D.*, 714 F.2d 860, 862 (8th Cir. 1983). "[A] Rule 12(b)(6) dismissal is a 'judgment on the merits' for *res judicata* purposes unless the plaintiff is granted leave to amend or the dismissal is reversed on appeal." *United States v. Maull*, 855 F.2d 514, 516 n.3 (8th Cir. 1988). *See also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (stating that a "dismissal for failure to state a claim under Federal Rule of Civil of Procedure 12(b)(6) is a judgment on the merits") (quotation omitted).

13

The second requirement of *res judicata* is also met. *Gibson I* was decided in this District. The United States District Court for the Eastern District of Missouri is a court of competent jurisdiction and had subject matter jurisdiction over Plaintiff's claims, which he brought pursuant to 42 U.S.C. § 1983. *Grable & Sons Metal Prod., Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009).

The third *res judicata* requirement is that both suits must involve the same parties or those in privity with them. Defendants Hadzic, Holmes, and the County were all parties to *Gibson I*, but Defendant Brannan was not. The third factor is met with regard to Defendants Hadzic, Holmes and the County, but "[t]he doctrine of *res judicata* does not bar claims even arising out of the same facts against defendants who were not parties to the first action." *Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987). "An exception exists, however, for those who stand in privity to the defendants in the prior suit." *Id.* The Court will address whether Defendant Brannan was in privity with any of the defendants in *Gibson I*.

Defendant Brannan is employed as a detective with the County, but "[n]ot all government employees and officials are in privity with the government, [ ] just as not every employee is in privity with his or her employer." *Id. at* 1276. Plaintiff's claims against Defendant Brannan in his official capacity are precluded by the

14

doctrine of *res judicata* because an official capacity claim against a governmental official is the same as a claim against the government entity.   *Id.* at 1279. ("Litigation involving the government is generally binding with respect to governmental officials who are sued in their official capacities in later actions."). *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (finding an official capacity claim against a governmental official is the same as a claim against the government entity itself and, thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer."). As for individual capacity claims against Defendant Brannan, "a judgment against a government does not bind its officials sued in their personal capacities." *Id.* Defendant Brannan is not in privity with the County with respect to claims against him in his individual capacity.

Defendant Brannan is also not in privity with Defendants Hadzic and Holmes. While Defendant Brannan could have been joined as a defendant in *Gibson I,* and his interests are likely the same as those of Defendants Holmes and Hadzic, he is not in privity with them. *Id.* at 1277 n. 4 ("Privity does not exist merely because parties happen to be interested in the same question, or in proving or disproving the same state of facts.").  Because Defendant Brannan does not meet the third requirement,

the Court finds Plaintiff's claims against Defendant Brannan are not barred by the doctrine of *res judicata*.

The fourth requirement of *res judicata* is that "both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). Under Eighth Circuit law, "a claim is barred by *res judicata* if it arises out of the same nucleus of operative facts as the prior claim." *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990). The Eighth Circuit has adopted the Restatement (Second) of Judgments for determining whether two causes of action are the same for purposes of *res judicata*, *Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004), which provides as follows:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar[,] ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

16

Restatement (Second) of Judgments § 24 (1982). *See also First Nat. Bank in Sioux Falls v. First Nat. Bank S. Dakota*, 679 F.3d 763, 768 (8th Cir. 2012) (applying Restatement (Second) of Judgments).

The fact that a plaintiff raises new claims in the second suit does not preclude the application of *res judicata. Brown v. Kansas City Live, LLC*, 931 F.3d 712, 715 (8th Cir. 2019) ("for the purposes of *res judicata* a court looks to the factual bases for the claims, not the legal theories.") (quotation omitted); *Lane v. Peterson*, 899 F.2d 737, 744 (8th Cir. 1990) ("reliance in this suit on different substantive law and new legal theories does not preclude the operation of *res judicata*."). "Where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, *res judicata* will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim." *Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052–53 (8th Cir. 2004) (quotation omitted). The doctrine of "'*res judicata* bars relitigation not only of those matters that were actually litigated, but also those which could have been litigated in the earlier proceeding.'" *Id.* (*quoting King v. Hoover Grp., Inc.*, 958 F.2d 219, 223 (8th Cir. 1992)).

Examining the record, the Court finds that the claims in the case at bar are based on the same nucleus of operative facts that was alleged in *Gibson I.* Both

17

started with the incident at the post office in Affton, Missouri on February 10, 2020, and the two suits involve the same alleged facts, which include the following: Plaintiff's interactions with Defendants Hadzic and Holmes; the seizure of Plaintiff's person and property; Plaintiff's subsequent arrest and detention; the referral to federal prosecution; his pretrial supervision; and the eventual dismissal of the federal charges against him. While not all of the claims in the case at bar are the same as those in *Gibson I* – for example, in the present suit, Plaintiff added claims for equitable relief and Missouri common law claims – the allegations in both lawsuits arise from the same nucleus of operative facts. Further, Plaintiff filed *Gibson I* on February 10, 2022, nine months after the federal charges against him had been dismissed, and all the claims in the case at bar arose before *Gibson I* was filed. None of the claims at bar are "based on subsequent legal or factual events that produce a different nucleus of operative facts." *Saylor*, 131 F.4th at 867. In other words, all the claims alleged in this suit could have been brought in *Gibson I*.[2] *Cf. Lundquist v.*

---

[2]There are facts alleged in the present suit that occurred after Plaintiff filed suit in *Gibson I*, but this does not preclude the application of *res judicata*. In Count XII, Plaintiff brings a First Amendment claim against the County for "Denial of the Right to Petition the Government for Redress of Grievances." (ECF No. 58 at 32). In this claim, Plaintiff alleges that he filed internal affairs complaints that the County has refused to investigate, and he refers to a February 16, 2022 letter from County's Police Department's Internal Affairs Division that "closed Plaintiff's misconduct complaint without interviewing or addressing the full evidentiary record." (*Id.* at 33). In relation to this claim, he also alleges facts concerning a recorded telephone conversation on February 19, 2024, and a "notarized affidavit and certified intent to sue letter" he sent on May 14, 2024. While the letter, affidavit, and phone call took place after Plaintiff filed suit in *Gibson I*, they do not create a new cause of action. First, Plaintiff referred to the February 16, 2022 letter in his

18

*Rice Mem'l Hosp.*, 238 F.3d 975 (8th Cir. 2001) ("it is well settled that claim preclusion does not apply to claims that did not arise until after the first suit was filed."). The Court finds that Plaintiff's claim against Defendants Hadzic, Holmes, and the County are based upon the same claims or causes of action as his earlier lawsuit.

In sum, the Court finds Plaintiff's claims against Defendants Hadzic, Holmes, and the County in this suit are barred by the doctrine of *res judicata*. Plaintiff litigated his claims against these three defendants to final judgment in *Gibson I.* Defendant Brannan, however, was neither a party to *Gibson I*, nor is he in privity with those who were. But as stated above, an official capacity claim against a governmental official is the same as a claim against the government entity itself and, thus, Plaintiff's claims against Defendant Brannan in his official capacity are claims against his employer, the County, which are barred by the doctrine of *res judicata.* The Court now turns to whether Plaintiff has stated a claim against him in his individual capacity.

---

Second and Third Amended Complaints in *Gibson I.* (4:22-CV-163 SPM, ECF Nos. 12 at 15;15 at 20). Second, the telephone call and affidavit both relate to and stem from Plaintiff's arrest at the post office on February 10, 2020, and they do not create a new claim. Instead, they would be evidence to support a claim Plaintiff could have raised in *Gibson I. See Saylor*, 131 F.4th at 867 (finding subsequent events amounted to evidence not a different nucleus of operative events).

19

**B. Plaintiff Fails to State a Federal Claim Against Defendant Brannan in his Individual Capacity.**

In Counts IV, V, VII, VIII, X and XII, Plaintiff brings claims against Defendant Brannan in his individual capacity for violations under the U.S. Constitution.   Section 1983 is the enforcement mechanism for individuals to bring constitutional claims against persons acting under the authority of state law. 42 U.S.C. § 1983.

In order to state a claim in an individual capacity against a governmental official under § 1983, a plaintiff is required to plead direct, personal involvement in the constitutional misconduct: "Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 677. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Liability for damages under § 1983 is personal, and "each defendant's conduct must be independently assessed. Section 1983 does not sanction tort by association." *Smith v. City of Minneapolis*, 754 F.3d 541, 547–48 (8th Cir. 2014) (citing *Heartland Acad. Cmty. Church v. Waddle*, 595 F.3d 798, 805–06 (8th Cir. 2010) (citation and internal quotation marks omitted)); *see also S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). The Court, therefore, must examine Defendant

20

Brannan's alleged conduct to determine whether Plaintiff has stated a § 1983 claim against him.

Defendant Brannan was not involved in the events that took place at or near the U.S. Post Office in Afton, Missouri on February 10, 2020. Plaintiff's only alleged interaction with Defendant Brannan was a telephone call. According to the Fourth Amended Complaint, on April 2, 2020, Plaintiff had a telephone conversation with Defendant Brannan that lasted approximately seven and half minutes. Plaintiff alleges that during this conversation, Defendant Brannan told him that there was a pending federal indictment against him for a firearm violation, that Plaintiff had been charged with trespassing, and that "a decades-old Illinois burglary conviction barred Plaintiff from possessing firearms." (ECF No. 58 at 11). Plaintiff also alleges that Defendant Brannan told him that he was not allowed to have firearms, and that he was not getting his gun back. Plaintiff alleges that "[t]he call reflects that Detective Brannan lacked personal knowledge of the February 10, 2020 incident." (*Id.*)

Plaintiff also alleges that on September 24, 2020, federal agents executed an arrest warrant for the charge of felon in possession of ammunition. The Court takes judicial notice of the fact that Plaintiff was arrested and subject to pretrial supervision, because he was indicted in this District on the charge of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). *See United States*

21

*v. Gibson*, No. 4:20-CR-309 RLW. Plaintiff alleges that he was taken into custody and detained overnight in Jennings, Missouri. During pretrial release, he was subject to terms of supervision, which included drug testing, in-person check-ins and home visits, travel restrictions, and prohibitions on alcohol consumption and firearms possession. Plaintiff does not allege that Defendant Brannan was personally involved in these events, but he does allege that "these conditions and the arrest resulted from Detective Brannan's referral to federal authorities absent admissible evidence of a crime." (ECF No. 58 at 13).

The Court will first address factual allegations concerning the phone call. The alleged statements Defendant Brannan made to Plaintiff on that call do not amount to claims under the Fourth Amendment for unlawful seizure of person and property without probable cause, under the Eighth Amendment for excessive and degrading pretrial conditions, under the Fourteenth Amendment for violations of Plaintiff's right to equal protection, substantive, and/or procedural due process, or under the First Amendment for denial of right to petition the government, because they do not establish personal involvement in the claimed constitutional violations. *Iqbal*, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Jones v. City of St. Louis*, 104 F.4th 1043, 1049 (8th Cir. 2024) (to

22

state a claim under § 1983, there must be allegations that the individual defendant was "personally involved" in the violation).

Plaintiff does allege that Defendant Brannan lied during the telephone conversation in that he told him that there was a pending federal indictment against him for a firearm violation, that Plaintiff had been charged with trespassing, and that a burglary conviction barred him from possessing a firearm. To the extent these statements were untrue, lying by the police is not in itself a constitutional violation. *See, e.g.*, *United States v. Hayes*, 174 F.4th 1092, 1100 (8th Cir. 2026) (finding false promises during questioning do not render subsequent admissions involuntary); *Simmons v. Bowersox*, 235 F.3d 1124, 1133 (8th Cir. 2001) (recognizing that police officers engage in deceptive tactics that do not necessarily render a confession involuntary). Plaintiff fails to connect Defendant Brannan's alleged false statements to misconduct that rises to the level of a constitutional violation.

Plaintiff also alleges that Defendant Brannan told him he could not have his gun back. To the extent Plaintiff is attempting to assert a Fourteenth Amendment claim for deprivation of property without due process of law against Defendant Brannan, Plaintiff has failed to do so. The Eighth Circuit has recognized that continued refusal to surrender a gun that was seized in an arrest or during a search can amount to a deprivation of property under the Fourteenth Amendment. *Walters*

23

*v. Wolf*, 660 F.3d 307, 315 (8th Cir. 2011). However, retention of a firearm during an investigation where there is a reasonable basis to believe the gun is potential evidence does not violate clearly established law. *Rodgers v. Knight*, 781 F.3d 932, 945 (8th Cir. 2015) (affirming district court's decision that the guns were properly retained as potential evidence in future court proceedings). "Where retention of evidence is justified by pending charges or an arrest warrant, no further process is required." *Id.* at 941. "Likewise, if evidence is 'needed for an ongoing or proposed specific investigation,' law enforcement authorities are entitled to retain it." *Id.* (citing *Sovereign News Co. v. United States*, 690 F.2d 569, 578 (6th Cir. 1982)). Here, Defendant Brannan had reason to believe Plaintiff was a convicted felon, *see* discussion *supra*, and Plaintiff was charged on July 1, 2020, as being a felon in possession of ammunition – a charge that was based on the loaded gun that was taken from him during his arrest at the post office on February 10, 2020. *See United States v. Gibson*, 4:20-CR-309 RLW. Plaintiff fails to state a due process violation against Defendant Brannan.

The Court now turns to the other factual allegation against Defendant Brannan in the Fourth Amended Complaint – that he referred Plaintiff's case to federal prosecutors "absent admissible evidence of a crime." (ECF No. 58 at 13). A claim for malicious prosecution without probable cause is cognizable under the Fourth

Amendment, *Thompson v. Clark*, 596 U.S. 36 (2022), but to the extent Plaintiff is attempting to state a constitutional claim of malicious prosecution against Defendant Brannan, he has failed to do so. To state the claim of malicious prosecution under the Fourth Amendment, Plaintiff must allege facts such that the Court reasonably can infer the following: (1) the criminal proceeding was "instituted without probable cause," (2) the defendant's motive in instituting the proceeding "was malicious," and (3) the prosecution "terminated in acquittal or discharge of the accused." *Id.* at 44. *See also Klein v. Steinkamp*, 44 F.4th 1111, 1115 (8th Cir. 2022).

Plaintiff makes no specific factual allegations with respect to Defendant Brannan's own conduct, aside from the general allegation that Defendant Brannan made the referral to federal authorities absent admissible evidence of a crime. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678. Plaintiff's allegation, here, regarding the referral is a "[t]hreadbare recital[ ] of the elements of a cause of action" that is insufficient to state a claim. *Id.* at 662.

Further, "the absence of probable cause [ ] is an essential element" of a claim alleging malicious prosecution under federal law, *Klein*, 44 F.4th at 1115, and without this element, Plaintiff fails to state a claim. Probable cause exists under the

Fourth Amendment "when a police officer has reasonably trustworthy information that is sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

Plaintiff was referred to federal authorities and was charged with the federal crime of possession of ammunition by a felon, which has the following four elements:

(1) the defendant had been convicted of a crime punishable by imprisonment for more than one year;

(2) after that conviction, the defendant knowingly possessed ammunition;

(3) at the time the defendant knowingly possessed the ammunition, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(4)  the ammunition was transported across a state line at some time during or before the defendant's possession of it.

6.18.922A FELON IN POSSESSION OF FIREARM OR AMMUNITION (18 U.S.C. § 922(G)(1).

Plaintiff has not alleged sufficient facts such that the Court can infer that Defendant Brannan made the referral to federal authorities without probable cause to support the crime for which he was charged. Significantly, Plaintiff does not allege that there was no evidence to support the elements of the crime of felon in possession

26

of a firearm or ammunition. For example, Plaintiff does not refute in his allegations that he possessed a gun and ammunition when he was arrested at the post office. Further, in his "Corrected Judicial Notice of Adjudicative Facts," which Plaintiff incorporates in his Fourth Amended Complaint, Plaintiff asserts the following: "Plaintiff's criminal history reflects a 1982 burglary conviction." (ECF Nos. 43 at 3 and 58 at 8). The Court also takes judicial notice that on April 1, 1982, Plaintiff pleaded guilty to burglary in the Circuit Court of Montgomery County, Illinois and was sentenced to three years imprisonment on April 1, 1982. *People v. Gibson*, No. 81CF94 (Apr. 1, 1982).

Plaintiff does allege that his arrest on a federal charge "resulted from Detective Brannan's referral to federal authorities absent *admissible* evidence of a crime." (ECF No. 58 at 13) (emphasis added). To the extent Plaintiff is arguing that evidence of the gun and ammunition would be suppressed because his arrest was unlawful, the argument is without merit because "the existence of probable cause in a civil action [ ] is measured based on all evidence known to the [ ] officer, whether or not it would have been admissible at trial." *Klein*, 44 F.4th at 1116.

The Court also takes judicial notice of the fact that Plaintiff was indicted by a grand jury on the charge of felon in possession of ammunition. *United States v. Gibson*, No. 4:20-CR-309 RLW (ECF No. 1). "An indictment, fair upon its face,

27

returned by a properly constituted grand jury, conclusively determines the existence of probable cause …." *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975) (citing *Ex parte U.S.*, 287 U.S. 241, 250 (1932)). *See also Kingdom Holdings, LLC v. Foss*, No. CV 5:23-5060-LLP, 2024 WL 4266755, at *6 (D.S.D. Sept. 23, 2024) (indictment creates presumption of probable cause); *Hassan v. Weyker*, No. 16CV1911 (JNE/TNL), 2017 WL 3425687, at *5 (D. Minn. Aug. 9, 2017) (stating that grand jury's indictment establishes the existence of probable cause absent any plausible allegations that the indictments were tainted by fabrication of evidence). Here, Plaintiff does not allege that Defendant Brannan withheld information or supplied the federal prosecutors with fraudulent, false, or misleading information related to the felon in possession of ammunition charge. *White v. Frank*, 855 F.2d 956, 961 (2d Cir. 1988) (stating "though an indictment by a grand jury is generally considered *prima facie* evidence of probable cause in a subsequent civil action for malicious prosecution, this presumption may be rebutted by proof that the defendant misrepresented, withheld, or falsified evidence."). Here, the federal indictment raises the presumption that there was probable cause Plaintiff committed the crime of being a felon in possession of ammunition.

Based on the allegation in Plaintiff's Fourth Amended Complaint and information contained in public records, of which the Court takes judicial notice, the

Court finds Defendant Brannan had probable cause to refer Plaintiff to federal authorities for an ammunition violation. Therefore, Plaintiff has failed to adequately assert a Fourth Amendment claim against Defendant Brannan for malicious prosecution.

Plaintiff fails to state a § 1983 claim against Defendant Brannan for a violation of the United States Constitution. The claims in Counts IV, V, VII, VIII, X, and XII brought against Defendant Brannan in his individual capacity are dismissed.

### C. The Court Declines to Exercise Jurisdiction Over Plaintiff's State Law Claims.

No federal claims remain in this case. It is within the discretionary authority of this Court to decline to exercise supplemental jurisdiction over state law claims once the Court has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed). The Court will not exercise supplemental jurisdiction over all remaining state law claims in this case and they are dismissed without prejudice.

### *VI. Conclusion*

The Court finds that Plaintiff's claims against Defendants Holmes, Hadzic, and the County are barred by the doctrine of *res judicata.* The Court further finds that Plaintiff's claims against Defendant Brannan in his official capacity are the

equivalent of claims against the County, and they also are barred by the doctrine of *res judicata*. As to claims against Defendant Brannan in his individual capacity, the Court dismisses with prejudice Counts IV, V, VII, VIII, X, and XII against Defendant Brannan in his individual capacity. Finally, as no federal claims remain in this case, the Court dismisses without prejudice Plaintiff's Missouri state law claims against Defendant Brannan in Counts IX and XI.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Shannon Gibson's Motion for Leave to File Supplemental Authority is **GRANTED.** [ECF No. 71]

**IT IS FURTHER ORDERED** that Plaintiff Shannon Gibson's Motion for a Hearing is **DENIED.** [ECF No. 75]

**IT IS FURTHER ORDERED** that Defendants Rob Brannan, Emir Hadzic, Roger Holmes, and St. Louis County's Motion to Dismiss Plaintiff's Fourth Amended Complaint is **GRANTED in part and DENIED in part.** Consistent with the terms of this Opinion, Memorandum, and Order, Plaintiff's claims against Emir Hadzic, Roger Holmes, and St. Louis County are **DISMISSED with prejudice** under the doctrine of *res judicata*; Plaintiff's claims against Rob Brannan in his official capacity are **DISMISSED with prejudice** under the doctrine of *res judicata;* and Plaintiff's claims against Rob Brannan in his individual capacity in Counts IV,

30

V, VII, VIII, X, and XII are **DISMISSED with prejudice** for failure to state a claim. In all other respects, the Motion is **DENIED without prejudice**.   [ECF No. 66].

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff Shannon Gibson's state law claims against Defendant Rob Brannan in Counts IX and XI, and these claims are **DISMISSED without prejudice**.

The Court will issue a separate Order of Dismissal.

Dated this 29th day of June, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE